## M. BLAKE *v.* THE STATE.

1. PLEADING — AVERMENT OF TIME. — One requisite of an information is that it allege the commission of the offense at a date anterior to the filing of the information, and that the offense does not appear to be barred by limitation.

2. SAME. — "*Anno domini* one thousand eight and seventy-five" can hardly be deemed a date at all, and certainly does not denote a date which shows that the offense was not barred by limitation. Judgment should have been arrested on account of such an averment of time.

APPEAL from the County Court of Dallas. Tried below before the Hon. R. H. WEST, County Judge.

*J. M. Thurmond* and *Hunt & Holland,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WINKLER, J. One of the requisites of an information is " that the time of the commission of the offense be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation." Code Cr. Proc., art. 403, subdiv. 6 (Pasc. Dig., art. 2870).

The information in this case charges that the offense was committed on August 18th, A. D. "one thousand eight and seventy-five." It can hardly be said that this charges any date at all. Certainly it does not appear therefrom that the offense was not barred by limitation at the time it was filed. The County Court erred in overruling the defendant's motion in arrest of judgment.

For the want of a sufficient information the judgment of the County Court is reversed and the case is dismissed.

*Reversed and dismissed.*